# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD M. GILBERT,

    Petitioner,

vs.

DON HELLING, et al.,

    Respondents.

3:06-cv-00027-LRH-RAM

<u>ORDER</u>

    This habeas action under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#11) to dismiss. Respondents contend, *inter alia*, that the claims in the amended petition (#6) are not exhausted.

### *Governing Exhaustion Law*

    Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v.*

*Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

## *Discussion*

### *Ground 1*

In Ground 1, petitioner alleges that he was denied due process of law in violation of the Fifth and Fourteenth Amendments when the state district court denied a motion for new trial that was based upon conflicts in the evidence. He maintains that the state trial judge was operating under the erroneous belief that he had no power to grant the motion.[1]

On direct appeal, petitioner argued both that the evidence was insufficient to sustain his convictions and further that the state district court abused its discretion in failing to grant a new trial under N.R.S. 176.515 due to conflicts in the evidence. The argument on direct appeal did not include any assertion that the state trial judge operated under an erroneous belief that he had no power to grant the motion. The argument on direct appeal relied exclusively on Nevada state law and did not include any contention that petitioner had been denied due process of law in violation of the federal constitution.[2] Federal Ground 1 therefore was not exhausted on direct appeal.

On state post-conviction review, petitioner initially filed a *pro se* petition that was later supplemented by appointed post-conviction counsel. Appointed counsel thereafter pursued an appeal from the denial of the petition.[3]

////

---

[1] #6, at 3.

[2] #14, Ex. 81, at 8-12.

[3] ##14 & 15, Ex. 91; #16, Exhs. 92, 101 & 127; #17, Ex. 159.

Federal Ground 1 was presented as state Ground 1 in petitioner's *pro se* petition.[4] This ground, however, was not included in the four grounds pursued on appeal from the denial of state post-conviction relief. For a claim to be exhausted, the claim must have been fairly presented to the state courts completely through to the Supreme Court of Nevada. *See,e.g., Peterson, supra; Vang, supra.* Ground 1 was not presented to the Supreme Court of Nevada and therefore was not exhausted on state post-conviction review.

Ground 1 therefore is not exhausted.

**Grounds 2, 3, 5, 8, 9, 10 & 11**

In Ground 2, petitioner alleges that he was denied due process of law in violation of the Fifth and Sixth Amendments when the state trial court allowed the introduction of testimony regarding a telephone conversation between the complaining witness, Shane Grier, and Detective James Stegmaier.[5]

In Ground 3, petitioner alleges that he was denied due process of law in violation of the Fifth Amendment when evidence of his past criminal history was introduced.[6]

In Ground 5, petitioner alleges that he was denied due process of law in violation of the Fifth and Fourteenth Amendments because an interview of Grier by Detective Stegmaier was fabricated and should not have been allowed into evidence.[7]

In Ground 8, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when his counsel on direct appeal challenged only the sufficiency of the evidence without also challenging the convictions based upon the conflicts in the evidence.[8]

---

[4] #14, Ex. 91 (part 1)(supporting argument is attached with the petition form).

[5] #6, at 5-6.

[6] #6, at 7.

[7] #6, Ground 5. The pages of the amended petition are not sequentially numbered after Ground 3.

[8] #6, Ground 8. The actual wording in Ground 8 of the amended petition is a garbled shorthand summary of the petitioner's state Ground 8. The statement of the claim in the text of this order is a liberal construction of federal Ground 8 based upon what the corresponding state Ground 8 alleged. Absent such a liberal construction, federal Ground 8 is nonsensical and fails to state a claim. With or without such a liberal construction, the claim is not exhausted, for the reasons assigned below in the text. The Court further would note that even if the claim were

(continued...)

In Ground 9, petitioner alleges that he was denied due process of law in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments because the reasonable doubt instruction improperly minimized the State's burden of proof.[9]

In Ground 10, petitioner alleges that he was denied due process of law in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments because his right to be found guilty beyond a reasonable doubt was denied due to the improper jury instruction challenged in Ground 9.[10]

In Ground 11, petitioner raises a cumulative error claim.[11]

Grounds 2, 3, 5, 8, 9, 10 and 11 were not presented on direct appeal. Even if the Court assumes, *arguendo*, that these claims were raised in the state district court on post-conviction review, none of these claims were included in the four grounds pursued on appeal from the denial of state post-conviction relief. For a claim to be exhausted, the claim must have been fairly presented to the state courts completely through to the Supreme Court of Nevada. *See,e.g., Peterson, supra; Vang, supra.* These grounds were not presented to the Supreme Court of Nevada and therefore were not exhausted on state post-conviction review.

Grounds 2, 3, 5, 8, 9, 10 and 11 therefore are not exhausted.

/ / / /

/ / / /

---

[8](...continued) exhausted, it would appear to have no merit. The state court record clearly shows that counsel argued on direct appeal that the convictions should be set aside due to conflicting evidence. #14, Ex. 81, at 8 & 10-12. The Supreme Court of Nevada further expressly considered the argument. #14, Ex. 86, at 2-3. The underlying premise of the unexhausted Ground 8 therefore is incorrect.

[9] #6, Ground 9.

[10] #6, Ground 10. The actual wording in federal Ground 10 of the amended petition is a garbled shorthand summary of the petitioner's state Ground 10 through appointed counsel. The statement of the claim in the text of this order is a liberal construction of federal Ground 10 based upon what the corresponding state Ground 10 alleged. In the state district court, state post-conviction counsel argued state Grounds 9 and 10 together, maintaining on Ground 10 that the allegedly improper jury instruction challenged in Ground 9 resulted in petitioner being denied the right to be found guilty beyond a reasonable doubt. #16, Ex. 101, at 12-14. Absent such a liberal construction, federal Ground 10 is nonsensical and fails to state a claim. With or without such a liberal construction, the claim is not exhausted, for the reasons assigned below in the text.

[11] #6, Ground 11.

***Ground 4***

In Ground 4, petitioner alleges that he was denied his rights under the Confrontation Clause in violation of the Fifth, Sixth and Fourteenth Amendments when the defense was prevented from using evidence that the complaining witness, Shane Grier, previously had pled guilty to a third degree sexual assault of an eight-year old girl and had an arrest record that showed a pattern of criminal dishonesty and sex crimes.[12]

As respondents acknowledge, petitioner raised a claim on direct appeal that the state trial court's refusal to allow the defense to access and use the victim's relevant juvenile offense record for sexual assault constituted, *inter alia*, a denial of his right of confrontation under the Confrontation Clause.[13] Respondents contend, however, that petitioner now presents factual bases which were never presented to the Supreme Court of Nevada on the claim. Respondents maintain, *inter alia*, that "the age of the child differs between the single sentence raised in the Nevada Supreme Court brief (alleging the victim's sexual assault of a twelve-year old girl) and the federal petition (referring to an eight-year old girl)." Respondents further maintain that the reference to "criminal dishonesty" in the federal petition expands upon the statement of the claim in the state court.[14]

The Court is not persuaded. At the very outset, respondents misread the state court record. Petitioner did not argue on direct appeal that he was denied the right to use evidence of an assault on a twelve-year old girl as opposed to an eight-year old girl. He argued that he sought to obtain and use a juvenile record regarding a sexual assault Grier had committed "upon a younger female when *he* was approximately 12 years old."[15] The petitioner's federal claim therefore is not referring to a different incident involving a different victim but instead appears to be referring to the same juvenile offense record that the defense was trying to obtain and use at trial.

////

---

[12] #6, Ground 4.

[13] #14, Ex. 81, at 12-17.

[14] #11, at 6-7.

[15] #14, Ex. 81, at 12 (emphasis added).

Moreover, to the extent that petitioner's imprecise *pro se* description of the juvenile record varies from the description by counsel on direct appeal, petitioner in truth is not presenting factual circumstances in federal court that were not presented in state court. It does not appear that the juvenile record ever was seen by defense counsel or ever has been seen by petitioner. The juvenile record instead was reviewed *in camera* by the state district court and apparently by the Supreme Court of Nevada when the issue came up on appeal. Given that the claim concerns the state courts' denial of access to and use of a juvenile record that, to date, *only* the state courts have seen, petitioner by definition is not basing the claim on facts presented to this Court but not to the state courts.[16]

The Court otherwise is not persuaded by the respondents' narrow reading of the state claim on direct appeal. Both the state and federal claims allege that the petitioner was denied his rights under the Confrontation Clause when the state district court denied the defense access to the juvenile record to use to confront and impeach Grier.

Ground 4 was fairly presented to the Supreme Court of Nevada on direct appeal and is exhausted.

***Ground 6***

In Ground 6, petitioner alleges that he was denied due process of law in violation of the Fifth and Fourteenth Amendments when the prosecutor used perjured testimony from the complaining witness, Shane Grier.[17]

Respondents acknowledge that a perjured testimony claim was raised on state post-conviction review and pursued through to the Supreme Court of Nevada on appeal. Respondents contend, however, that the claim in the federal petition is not exhausted because "Gilbert focuses on statements

---

[16]Petitioner infers much of his description of the factual detail regarding the juvenile record from a January 25, 1999, psychological evaluation report by Dr. Jerry A. Howle, M.D., Ph.D. The question of the admissibility of Dr. Howle's discussion of the juvenile record was intertwined with and argued with the question of defense access to and use of the juvenile record in the state district court. Petitioner adds nothing new to the claim by referring to and characterizing Dr. Howle's description, which was referred to extensively in the record and transcripts of argument and oral reasons reviewed by the Supreme Court of Nevada on the juvenile record claim. See #12, Exhs. 37, 44 (with the attached report), 46, & 47; #13, Ex. 50, at 3-11 & 20-28. In all events, at bottom, the claim ultimately concerns a juvenile record that only the state courts have seen.

[17]#6, Ground 6.

1  made by the district attorney's investigator and prosecuting attorney at the evidentiary hearing . . . that
2  were never mentioned or argued to the Nevada Supreme Court." Respondents urge that the federal
3  claim therefore is not exhausted because the petitioner "now alleges factual bases which were never
4  discussed or presented to the Nevada Supreme Court."[18]

5      The Court is not persuaded. Typically, expansion of the factual basis of a claim is a concern vis-
6  à-vis exhaustion when a habeas petitioner comes to federal court with allegations or evidence never
7  presented to the state courts. In this case, in contrast, respondents are claiming factual expansion of the
8  claim because petitioner is referring to testimony by the investigator and prosecutor that actually was
9  presented at the state court evidentiary hearing. Further, contrary to the respondents' assertions, state
10 post-conviction counsel did in fact refer extensively to the state court evidentiary hearing testimony by
11 the investigator and prosecutor in the statement of the case on appeal to the Supreme Court of Nevada.
12 Much of the allegedly new factual detail in the federal petition to which respondents refer is set forth
13 to in the statement of the case on appeal, with record citations to the evidentiary hearing testimony.[19]
14 State post-conviction counsel did not have to repeat every jot and tittle of these extensive factual
15 references in the argument section to fairly present the claim to the Supreme Court of Nevada. To the
16 extent that petitioner refers in the federal petition to additional items of testimony of the same ilk in the
17 evidentiary hearing record that were not explicitly referenced in the statement of the case on appeal,
18 these references to evidence on the same basic factual point that undeniably was in the record presented
19 on appeal does not place the claim in a significantly different or potentially stronger evidentiary posture
20 than when it was presented to the state courts.

21     The Court further is not persuaded by the respondents' contention that Ground 6 is conclusory
22 and therefore is not exhausted. Petitioner consistently has maintained throughout the proceedings in
23 both state and federal court that Grier continually changed his story every time that he gave a statement.

24     Ground 6 is exhausted.
25     / / / /

---

[18] #11, at 7-8.

[19] #17, Ex. 159, at 4-6.

*Ground 7*

In Ground 7, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when his defense counsel: (a) failed to use prior conflicting statements to impeach Grier; (b) failed to object to prosecutorial misconduct in allowing Grier to commit perjury; (c) failed to properly challenge the testimony regarding a telephone interview of Grier by Detective Stegmaier; (d) failed to properly challenge introduction of his past criminal history; (e) failed "when he made a direct appeal with the district court;" and (f) failed "to perfect an appeal with the Nevada Supreme Court."[20]

Of these claims, only Grounds 7(a) and (b) were raised in the Supreme Court of Nevada on the appeal from the denial of state post-conviction relief.[21] The remaining claims (c) through (f) were not raised on the appeal. For a claim to be exhausted, the claim must have been fairly presented to the state courts completely through to the Supreme Court of Nevada. *See,e.g., Peterson, supra; Vang, supra.* Grounds 7(c) through (f) were not presented to the Supreme Court of Nevada and therefore were not exhausted on state post-conviction review.

The Court is not persuaded by the respondents' contention that Grounds 7(a) and (b) are not exhausted on the basis that the federal claims are conclusory.

Accordingly, the Court holds that Grounds 7(a) and (b) are exhausted but that Grounds 7(c) through (f) are not.

*Ground 12*

In Ground 12, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when both trial and appellate counsel failed to raise the claims in the preceding eleven grounds in the federal petition. #6.

////

---

[20] #6, Ground 7. The actual wording in Grounds 7(a) through (c) of the amended petition is a garbled shorthand summary of the petitioner's state Ground 7. The statement of the claim in the text of this order is a liberal construction of federal Grounds 7(a) through (c) based upon what the corresponding state Ground 7 alleged.

[21] #17, Ex. 159, at 9-10. With regard to Ground 7(b), the Nevada Supreme Court considered the corresponding claim on appeal as one of ineffective assistance of "trial and appellate counsel." #17, Ex. 164, at 3-4.

-8-

Only the following claims were presented to the Nevada Supreme Court on the post-conviction appeal: (1) a claim that counsel was ineffective at trial for failing to renew the motion to gain access to the victim's juvenile record that is the subject of federal Ground 4;[22] and (2) a claim that counsel was ineffective at trial and on appeal for failing to challenge the convictions on the basis of perjured testimony that is the subject of federal Ground 6.[23] All other claims under Ground 12 are not exhausted.

IT THEREFORE IS ORDERED that respondents' motion (#11) to dismiss is GRANTED IN PART and DENIED IN PART, as per the remaining provisions of this order, on the basis that only the following claims or allegations (the "exhausted claims") are exhausted:

(a)  Grounds 4, 6, 7(a) and 7(b); and

(b)  Ground 12 only to the extent that petitioner claims: (1) that counsel was ineffective at trial for failing to renew the motion to gain access to the victim's juvenile record; and (2) that counsel was ineffective at trial and on appeal for failing to challenge the convictions on the basis of perjured testimony.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order to file either a motion for dismissal without prejudice of the entire petition, for partial dismissal of all claims except for the above-described exhausted claims, and/or for other appropriate relief. The entire petition will be dismissed without prejudice for lack of complete exhaustion without further advance notice if petitioner does not timely respond.

DATED this 11th day of March, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[22] #17, Ex. 159, at 9-10; Ex. 164, at 4-5.

[23] #17, Ex. 159, at 10-13; Ex. 164, at 3-4.